```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Tizazu F. Arega,                    :

        Plaintiff,         :   Case No.  2:15-cv-1460

  v.                                :

Attorney General Mike DeWine,       :   JUDGE MICHAEL H. WATSON
et al.,                                 Magistrate Judge Kemp

        Defendants.        :


                    REPORT AND RECOMMENDATION

Plaintiff Tizazu Arega, a state prisoner, has submitted a complaint and a request to file a civil action in forma pauperis. In a separate order, the Court will assess the required filing fee. Mr. Arega also filed a motion which appears to request that Mary Mesi be dismissed as a defendant in this action. (Doc. 6). The Court will grant Mr. Arega's motion and will dismiss Ms. Mesi as a defendant in this case. Finally, for the reasons set forth below, the Court will recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted.

                                I.

Mr. Arega filed a civil complaint "for fraud, legal malpractice, professional tort, negligent [sic], libel and slander, sexual discrimination, civil right [sic], civil conspiracy, constitional [sic] duty, and intentional inflection [sic] of emotional distress" against Ohio Attorney General Mike DeWine, Franklin County Prosecuting Attorney Ronald O'Brien, Franklin County Assistant Prosecuting Attorney Megan Jewett, Sexual Assault Nurse Examiner Registered Nurse ("SANE-RN") Mary Mesi, Ohio Public Defender Timothy Young, and attorney "Barstow W. Todd" (presumably Todd W. Barstow, an attorney who practices in the area of criminal defense, among others). (Doc. 5). Mr.

Arega attempts to bring this claim on his own behalf and on behalf of Dr. Fekadu Arega Worken, Roman W. Tesfey, and Zion Tizazu Fekadu.  Because Mr. Arega is a pro se litigant and not an attorney, he is unable to act in a representative capacity for additional plaintiffs.  See Garrison v. Michigan Dept. of Corrections, 333 Fed. Appx. 914, 917 (6th Cir. May 28, 2009).  Thus, the Court will construe the complaint as being brought only by Mr. Arega on his own behalf in a pro se capacity.

Mr. Arega's complaint arises from his 2012 conviction for rape and sexual battery.  The trial court merged the counts of conviction, and Mr. Arega was sentenced to a total of nine years of incarceration.  The Ohio Court of Appeals for the Tenth Appellate District affirmed the rape conviction, but reversed the sexual battery conviction and remanded to the trial court with instructions to enter a judgment of acquittal on that charge.  The Court of Appeals also determined that sentence modification was not required because of the merger of the offenses.  Thus, Mr. Arega's sentence of nine years of imprisonment remained unchanged.

## II.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit.  The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved.  See Neitzke v. Williams, 490 U.S. 319 (1989).  A

complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A. Pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that Mr. Arega's complaint will be considered.

III.

As an initial matter, Mr. Arega filed a motion for leave to file an amended complaint. Mr. Arega did not attach a proposed amended complaint to the motion. The brief motion provides:

1. The plaintiff in his original complaint name [sic] Mary Mesi –State's witness Defendant.

2. Since the filing of the complaint the plaintiff has determined that defendant Mary Mesi : Paragraphs 16 are amended to be strike from the civil action.

3. This court should grant leave freely to amend a complaint Foman v. Davis, 371 U.S. 178, 182 (1962)

(Doc. 6 at 1). Paragraph 16 of the complaint states:

On Feb. 01, 2012, defendant, Mary Mesi -SANE -RN was state's witness. She is legally responsible for

3

>fabricating, making false statement of material facts and involved in sexual discrimination and civil conspiracy under duly sworn by advocating for Ms. Botkin who stood financial gain streaming from plaintiff's prosecution that strength [sic] Ms. Botkin law suit [sic] against the facility. She is liable for her willful, intentional, and reckless misconduct and violation.

Compl. at ¶16. Although not entirely clear, it seems that Mr. Arega is seeking to dismiss Ms. Mesi as a defendant in this action. Thus, his motion is more properly characterized as having been brought pursuant to Fed. R. Civ. P. 21, rather than under Fed. R. Civ. P. 15. Fed. R. Civ. P. 21 allows the Court to dismiss all claims against individual defendants. See Leaf Funding, Inc. v. Donahue, D.C., 2008 WL 2388108, at *2 (S.D. Ohio June 6, 2008)(explaining that "the Sixth Circuit has suggested, without conclusively deciding the issue, that dismissal of all claims against a single defendant should be pursuant to Rule 21, not Rule 41"). For good cause shown, Mr. Arega's motion will be granted.

Next, the Court turns to Mr. Arega's claim against Prosecuting Attorney Megan Jewett. Although not stated directly, it appears that Mr. Arega is attempting to set forth a claim against Ms. Jewett and the other defendants under 42 U.S.C. §1983, the statutory vehicle for persons seeking redress for violations of their constitutional rights. However, just as judges have immunity from suit under 42 U.S.C. §1983 for any actions taken in a judicial capacity, prosecutors have immunity for acts taken in their capacity as prosecutors. See Stump v. Sparkman, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed.2d 331 (1978); Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed.2d 128 (1976). Here, the allegations involve the precise actions that prosecutorial immunity protects – allegedly "using falsified, negligent, and fraudulent" evidence, presenting perjured testimony, and preventing cross-examination on certain

evidence. Consequently, Prosecuting Attorney Megan Jewett is immune from suit, and the claim against her is barred. For the same reasons, the claim against Franklin County Prosecuting Attorney Ronald O'Brien is also barred. Mr. Arega does not allege that Mr. O'Brien was personally involved in any constitutional violation; rather, he alleges that Mr. O'Brien is liable for "Ms. Jewett's willful, intentional, and/or reckless fraud, misconduct, and violation." Compl. at ¶14. As her supervisor, Mr. O'Brien enjoys the same prosecutorial immunity as Ms. Jewett. See Van de Kamp v. Goldstein, 555 U.S. 335, 129 S. Ct. 855 (2009). Accordingly, Mr. Arega's claim against Mr. O'Brien is likewise without merit.

Mr. Arega's claim against his appointed attorney also fails. In Polk County v. Dodson, 454 U.S. 312 (1981), the United States Supreme Court held that a court appointed attorney does not act "under color of state law" when acting as counsel to an indigent defendant in a state criminal proceeding. Thus, Mr. Barstow may not be held liable for any alleged constitutional violations pursuant to 42 U.S.C. §1983. Id. Mr. Arega also alleges that Timothy Young is liable on the ground that "[h]e is legally responsible for ... Mr. [Barstow]'s misconduct." Compl. at ¶17. Given that no underlying claim exists against Mr. Barstow, Mr. Young is likewise not liable.

Mr. Arega also alleges that Attorney General Mike DeWine is:

> legally responsible for the overall justices and criminal legal matter of Franklin County Prosecuting Office, State's witness, and court appointed attorney, Mr. [Barstow]. He is also responsible for fair trial and criminal legal matter of Franklin County. He is liable for Franklin County Assistance prosecuting attorney, Ms. Jewett, Ms. Mesi, and Mr. [Barstow]'s willful, intentional, and/or reckless fraud, misconduct, and violation.

Id. at ¶14. Allegations of direct involvement in constitutional

5

deprivations, rather than attempts to impose liability by virtue of the doctrine of respondeat superior, are necessary to hold an individual defendant liable under §1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978). Thus, unless a plaintiff affirmatively pleads the personal involvement of a defendant in the allegedly unconstitutional action, the complaint fails to state a claim against that defendant and dismissal is warranted. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Here, Mr. Arega does not allege that Attorney General DeWine was personally involved in any alleged constitutional violation. Consequently, Mr. Arega's claim against Attorney General DeWine must also be dismissed.

Based on the foregoing, Mr. Arega fails to set forth a viable §1983 claim against any of the defendants. The remainder of Mr. Arega's claims are based on state law. The Court will recommend that those state law claims be dismissed without prejudice under 28 U.S.C. §1367(c)(3).

## IV.

For the reasons set forth above, it is recommended that Mr. Arega's motion to dismiss Ms. Mesi be granted (Doc. 6), and that his federal constitutional claims be dismissed under 28 U.S.C. §1915A for failure to state a claim upon which relief can be granted. It is further recommended that Mr. Arega's state law claims be dismissed without prejudice under 28 U.S.C. §1367(c)(3). The Court also recommends that if this Report and Recommendation is adopted, a copy of the complaint, this Report and Recommendation, and the dismissal order be mailed to each Defendant.

## V.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file

and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge